IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| **FROZEN ROPES OF CHICAGO INC.** | ) | Case No. 13-45519 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Date: November 13, 2014 |
| | ) | Time: 9:30 a.m. |

## NOTICE OF MOTION

To:    See Attached Service List

PLEASE TAKE NOTICE that on **Thursday, November 13, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Hon. Jacqueline P. Cox, Bankruptcy Judge, or such other judge as may be sitting in her stead, in Courtroom 680, in the Dirksen Federal Courthouse, 219 S. Dearborn St, Chicago, Illinois and shall then and there present the attached **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**, at which time and place you may appear as you see fit.

        Deborah M. Gutfeld, not individually, but solely in her capacity as Chapter 7 Trustee for the Estate of Frozen Ropes of Chicago, Inc.

        By:    /s/ George P. Apostolides

        George P. Apostolides (# 06228768)
        Kevin H. Morse (# 06297244)
        ARNSTEIN & LEHR LLP
        120 S. Riverside Plaza, Suite 1200
        Chicago, Illinois 60606
        Tel:  312.876.7100
        Fax: 312.876.0288

## CERTIFICATE OF SERVICE

I, George P. Apostolides, an attorney, certify that I caused a copy of the foregoing **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES,** to be served on the parties listed on the attached service list by the methods identified on that list, on October 23, 2014.

By:   /s/ George P. Apostolides

*Via ECF*:
Thomas W Drexler
Debtor – Frozen Ropes Of Chicago Inc
td@drexlaw.com, drexler321@gmail.com

Deborah Michelle Gutfeld
gutfeldch7@perkinscoie.com
dgutfeld@ecf.epiqsystems.com

Jeffrey S. Harris
chicagolawyer@aol.com; help@windycitylawyer.com; chicagobklawyer@gmail.com; G1648@notify.cincompass.com

Dean Harvalis on behalf of U.S. Trustee Patrick S. Layng
USTPRegion11.es.ecf@usdoj.gov; Constantine.harvalis@usdoj.gov

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Karen J Porter
Creditor – SJI Partners, LLC, Series III
porterlawnetwork@gmail.com;
kjplawnet@aol.com; portersam@comcast.net

Mark Adam Silverman
BMO Harris Bank N.A. f/k/a Harris N.A.
msilver@chapman.com

Mark Adam Silverman
LaSalle 115 Holdings, LLC - Series 1
msilver@chapman.com

*Via e-mail*
Arnold Landis
Law Office of Arnold H. Landis, P.C.
77 W. Washington Street, Suite 702
Chicago, IL  60602
Counsel for Elite Performance Training Academy

*Via U.S. Mail*
(SEE NEXT PAGE)

| | | |
|---|---|---|
| 6000 LLC<br>6701 N. Minnehaha Avenue<br>Lincolnwood, IL 60712-3108 | AA<br>Elizabeth Alverio<br>5133 W. Schubert<br>Chicago, IL 60639-1621 | Anaconda Sports<br>85 Katrine Lane<br>New York City, NY 12449-5138 |
| BMO Harris Bank N.A. f/k/a<br>Harris N.A.<br>111 W. Monroe Street<br>Chicago, IL 60603-4014 | BMO Harris Bank N.A.<br>c/o Mark A. Silverman<br>111 W. Monroe Street<br>Chicago, IL 60603-4014 | BMW Financial Services, NA, LLC<br>P.O. Box 201347<br>Arlington, TX 76006-1347 |
| BMW Financial Services NA, LLC<br>Ascension Capital Group<br>P.O. Box 201347<br>Arlington, TX 76006-1347 | Chapman & Cutler<br>111 W. Monroe Street<br>Chicago, IL 60603-4080 | Circle Realty Advisors<br>5511 N. Cumberland<br>Chicago, IL 60656-4744 |
| Circle Realty Advisors<br>c/o Bryan Lynch<br>714 N. Wells Street<br>Chicago, IL 60654-3521 | Comcast<br>c/o Credit Management<br>P.O. Box 118288<br>Carrollton, TX 75011-8288 | Comcast Cable Service<br>P.O. Box 3001<br>Southeastern, PA 19398-3001 |
| ComEd<br>Customer Correspondence Group<br>P.O. Box 87522<br>Chicago, IL 60680-0522 | Thomas W. Drexler<br>Law Office of Thomas W. Drexler<br>221 N. LaSalle Street, Suite 1600<br>Chicago, IL 60601-1431 | Edgebrook Bank<br>6000 W. Touhy<br>Chicago, IL 60646-1277 |
| Elite Performance Training Academy<br>6000 W. Touhy<br>Chicago, IL 60646-1275 | Georgia Tountas<br>6701 N. Minnehaha Avenue<br>Lincolnwood, IL 60712-3108 | Gus Tountas<br>6701 N. Minnehaha Avenue<br>Lincolnwood, IL 60712-3108 |
| Deborah Michelle Gutfeld<br>Perkins Coie LLP<br>131 South Dearborn Street, Ste 1700<br>Chicago, IL 60603-5559 | Jeffrey S. Harris<br>1701 S. First Avenue<br>Maywood, IL 60153-2400 | Harris N.A.<br>111 W. Monroe Street<br>P.O. Box 755<br>Chicago, IL 60690-0755 |
| Dean C. Harvalis<br>Office of the U.S. Trustee<br>219 S. Dearborn Street, Room 873<br>Chicago, IL 60604-2027 | Illinois Dept. of Revenue<br>Bankruptcy Department<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| John Key Tax Service<br>1965 Stockton Avenue<br>Des Plaines, IL 60018-3156 | Journal & Topics Newspapers<br>622 Graceland Avenue<br>Des Plaines, IL 60016-4556 | LaSalle 115 Holdings, LLC Series I<br>111 W. Monroe Street<br>Chicago, IL 60603-4096 |
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn Street, Room 873<br>Chicago, IL 60604-2027 | MSM<br>P.O. Box 5065<br>Buffalo Grove, IL 60089-5056 | Nadig Newspapers<br>4937 N. Milwaukee<br>Chicago, IL 60630-21114 |

Nicholaos K. Tountas
6701 N. Minnehaha Avenue
Lincolnwood, IL 60712-3108

Nu-Way Signs
8140 Ridgeway Avenue
Skokie, IL 60076-3318

Paul Bach
Penelope Bach
1363 Shermer Road, #323
Northbrook, IL 60062-4575

Karen J. Porter
Porter Law Network
230 West Monroe, Suite 240
Chicago, IL 60606-4730

Randall G. Rueth
6935 N. Wildwood Avenue
Chicago, IL 60646-1335

SA
Andrew Agos
6747 N. Leroy Avenue
Lincolnwood, IL 60712-3203

Samuel Banks
221 N. LaSalle Street, Suite 3800
Chicago, IL 60601-1509

Mark Adam Silverman
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| FROZEN ROPES OF CHICAGO, INC. | ) | Case No. 13-45519 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Date: November 13, 2014 |
| | ) | Time: 9:30 a.m. |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY
TO SELL SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Deborah M. Gutfeld, not individually but solely in her capacity as Chapter 7 trustee for the estate of Frozen Ropes of Chicago, Inc. (the "Trustee"), by her attorneys, pursuant to 11 U.S.C. §§ 363(b) and (f), hereby seeks the entry of an order authorizing and approving the sale of substantially all of the assets of Frozen Ropes of Chicago, Inc. (the "Debtor") to 3129 Honore LLC (the "Purchaser"), free and clear of all liens, claims and encumbrances (the "Motion"). In support of the Motion, the Trustee states as follows:

**JURISDICTION**

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND FACTS**

A.   **The Debtor**

3.   On November 24, 2013, the Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the United States Bankruptcy Code (the "Code"). This is a repeat filing.

The Debtor's first bankruptcy filing, case no. 10 B 45897, was dismissed because the Debtor was unable to confirm a Chapter 11 plan.

4. Prior to the Petition Date, the Debtor operated a business primarily engaged in instructing children to play baseball at an indoor facility located at 6000 W. Touhy, Chicago, Illinois (the "Building").

5. The Purchaser would like to purchase substantially all of the assets of the Debtor (the "Assets"), with only causes of action belonging to the Debtor and the Estate excluded from the sale, for a total of $8,000.00 (the "Purchase Price"). An Asset Purchase Agreement and proposed Bill of Sale are attached as **Exhibit A**.

6. The Assets consist primarily of apparel for purchase, some equipment which was used in the operation of the Debtor's business, and rights of the Debtor relating to the occupancy of the Building, if any. For the avoidance of doubt, the Assets do not include any funds currently in possession of the Trustee or causes of action as set forth in the Asset Purchase Agreement and Bill of Sale.

7. The Trustee engaged in substantial negotiations with the Purchaser, which is an entity connected to one or more of the Debtor's owners, as well as with the owner of the Building. After the completion of the negotiation process, the Purchase Price is the highest and best offer that the Trustee has received for the Assets. Any further, public marketing of the Assets would not be a useful expenditure of the minimal Estate resources in the Trustee's possession.

8. In recognition of the Trustee's fiduciary obligation to maximize sale value, the Trustee reserves the right, at her discretion, to consider alternative offers for the purchase of the Assets as necessary or appropriate to maximize value for the Estate.

9. The Motion will be provided to all creditors of the Debtor's estate to allow for any party in interest to make an alternative offer for the purchase of the Assets at the hearing on this Motion (the "Sale Notice"). The Trustee believes that should a higher or better offer emerge – which is unlikely – the creditors and parties in interest are the most likely pool of interested purchasers.

10. Any purchaser potentially interested in making a higher and better offer for the Assets must: (1) inform the Trustee and her counsel of its intent to make an offer of at least $10,000.00 for the purchase of the Assets in writing, including via electronic mail, by **5:00 p.m. on November 12, 2014**; and (2) present the Trustee with a refundable earnest money deposit of $10,000.00 in the form of certified funds at the hearing on this Motion (an "Alternative Offer"). In the event a party makes a satisfactory Alternative Offer, the Trustee will adjourn the hearing on this Motion and schedule an auction, with further notice to all parties, for the following week.

## RELIEF REQUESTED

11. By this Motion, the Trustee is requesting an Order, substantially in the form attached hereto, approving the sale ("Sale") of the Assets to Purchaser for $8,000.00, free and clear of all liens, claims and encumbrances (collectively, "Liens"), with the possibility of an Alternative Offer. The Trustee believes that the Sale in this method is in the best interest of creditors since the Purchase Price is a fair and reasonable offer for the Assets, and the value of the Assets does not justify further marketing of the assets.

## BASIS FOR RELIEF REQUESTED

**A.    The Sale is Supported by the Debtor's Reasonable Business Judgment**

12. The Trustee believes that the Purchase Price of $8,000.00 represents a fair and reasonable offer for the Assets.

- 3 -

13.  This Court's power to authorize a sale under 11 U.S.C. § 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case by case approach. *In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is this Court's finding that a good business reason exists for the Sale. *In re Schipper*, 933 F.2d 513 (7th Cir. 1991); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). As noted in *In re Walter*, 83 B.R. 14, 1-20 (9th Cir. BAP 1988), citing *In re Lionel Corporation*, 722 F.2e 1063, 1070-71 (2nd Cir. 1983):

> [T]here must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.... Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the Debtors, creditors and equity holders alike. He might, for example, look to such relevant factors as the proportionate value of the assets of the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plan of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

14.  In this case "good business reasons" exist for selling the Assets at this time because (a) the proposed Purchase Price is fair and reasonable for the Assets; and (b) the value of the Assets does not justify further marketing, other than the opportunity for an Alternative Offer.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) authorizing the sale of the Assets to Purchaser for $8,000.00, free and clear of all Liens, with any such Liens to attach to the proceeds of the Sale; (ii) authorizing the Trustee to execute such documents necessary to effectuate the Sale; including but not limited to the Asset Purchase

Agreement and the Bill of Sale; and (iii) granting such other and further relief as is just and equitable under the circumstances.

>Respectfully submitted,
>
>Deborah M. Gutfeld, not individually, but solely in her capacity as Chapter 7 Trustee for the Estate of Frozen Ropes of Chicago, Inc.
>
>By:   /s/ George P. Apostolides
>
>George P. Apostolides (# 06228768)
>Kevin H. Morse (# 06297244)
>ARNSTEIN & LEHR LLP
>120 S. Riverside Plaza, Suite 1200
>Chicago, Illinois 60606
>Tel: 312.876.7100
>Fax: 312.876.0288

112012134.1